[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action by Morande Automotive Group, Inc. and Morande Ford, Inc., Connecticut corporations, against a foreign corporation, Newgen Services, Inc. The complaint describes the foreign corporation as "A/K/A Newgen Service System, Inc."
The defendant moves to dismiss, claiming that "this court lacks personal jurisdiction over the defendant."
The defendant has not registered with the Secretary of the State of Connecticut, as would be called for under the provisions of C.G.S. 33-395 and C.G.S. 33-396 for the purpose of transacting business within the state, nor has the defendant appointed an "attorney upon whom all process" CT Page 10509 may be served under the provisions of C.G.S. 33-400.
The contract in question, which gives rise to this action claiming violation of the Connecticut Unfair Trade Practices Act, C.G.S. 42-110a et al., was entered into on May 2, 1990. The named parties to that contract were Morande Automotive Group and Newgen Service Systems, Inc.
Service of Process was made upon the defendant "Newgen Services, Inc. AKA Newgen Service System Inc." by leaving with the Secretary of the State two copies of the writ, summons and complaint. This method of service of process is pursuant to C.G.S. 33-411 (d) which provides for such service under the circumstances set forth in C.G.S. 33-411 (c) and C.G.S. 33-411 (b).
The defendant Newgen Services, Inc. submits an affidavit and accompanying documentation to establish that it was not incorporated until June 4, 1991, and that it thereafter, on or about August 1, 1991 "obtained a license for software maintenance and customer lists" from four Canadian limited partnerships, who had revoked the license of Newgen Service System, Inc. in June 1991. It claims therefore that since it was not in existence on May 2, 1990 it cannot be responsible for any of the claims of the plaintiffs arising out of the May 2, 1990 contract. It claims that "its only contact in Connecticut with Morande has been the few consultations regarding the system sold to Morande by NSSI," and that subsequent to August 1991 it "sent consultants to Morande Ford, Inc. to to assist in the operation of its system."
The plaintiff claims that the defendant is the alter ego of NSSI. It attaches a complaint served by the defendant against Morande Ford, Inc. dated October 6, 1992 filed in the Superior Court, Hartford seeking to collect for maintenance fees for July and August 1991, and fees subsequent thereto. The July and August invoices were on the letterhead of Newgen Service System, Inc. (NSSI). A review of the contract reveals that the amounts claimed therein were precisely the same amount as the monthly fees called for in the contract with "NSSI", $1,549.96. The court cannot conclude that the defendant's contention that the defendant Newgen Services, Inc. is not "A/K/A Newgen Service System, Inc." has been proven. CT Page 10510
There appears to be no written contract between the plaintiff and the defendant Newgen Services, Inc. However, there are monthly bills from the defendant to the plaintiff each month from July 13, 1991 through June 16, 1992 for monthly maintenance charges, the most common charge being $1,726.35 for given months. The action for these fees has been withdrawn. The plaintiff submits the information in support of its contention that the defendant is the alter ego of NSSI.
The question before this court is that of personal jurisdiction over the defendant. Process was served on the Secretary of the State under C.G.S. 33-411 (d). The statute provides for such service of process in any action brought under C.G.S. 33-411 (b) or 33-411 (c).
The defendant was transacting business in this state during the period of at least August 1, 1991 through June 15, 1992, during which period it was charging the plaintiff very substantial monthly maintenance charges for the product purchased on May 2, 1990.
Conn. Gen. Stats. 33-411 (c) subjects a foreign corporation to jurisdiction "on any contract made in the state or to be performed in the state"; . . . . The defendant contends that its performance of monthly maintenance is a separate and distinct contract from the contract entered into on May 2, 1990. Yet the defendant submits no evidence of a separate and distinct written contract or a separate and distinct oral agreement to that effect. To the contrary, the evidence submitted by the plaintiff indicates that the service performed is part and parcel of the original maintenance agreement of the original contract, albeit now at a different monthly rate.
This state of facts leads to one of two conclusions, both of which support personal jurisdiction. First, if the defendant was engaged in the performance of the contract sued upon it would make no difference whether the defendant was or was not an original contracting party. Personal jurisdiction arises out of the performance of the contract in this state by the defendant regardless of whether it was an original contracting party. The statute, C.G.S. 33-411 (c) (1) does not purport to limit jurisdiction to only CT Page 10511 original contracting parties, and is sufficiently broad to include parties who undertake the performance of the contract after its execution.
Second, if the defendant is the alter ego of NSSI, is A/K/A Newgen Service System, Inc.", as claimed by the plaintiff, jurisdiction would attach by virtue of both C.G.S. 33-411 (b) and 33-411 (c).
The sole question before this court is personal jurisdiction over the defendant to hear the dispute. The court has such jurisdiction. The motion to dismiss is denied.
L. Paul Sullivan, J.